STATE OF MISSOURI, Respondent, v. POWELL WILSON, Appellant.

St. Louis Court of Appeals, February 4, 1890.

Criminal Law. A defense by a prisoner, that he is being twice put in jeopardy for the same offense, is not substantiated, when it does not appear that the first trial for the offense was had upon a valid indictment.

*Appeal from the Butler Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED.

*C. D. Yancey* and *J. C. Sheppard*, for the appellant.

*R. F. Scott*, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This was an indictment against Harry H. Blackstone and Powell Wilson, for selling liquor in less quantities than one gallon without a license as a dramshop keeper. At the trial Blackstone was acquitted, and Wilson was convicted and fined forty dollars, and prosecutes this appeal. His counsel has submitted the case on the record, without filing any assignment of errors, statement or brief. We have examined the record, as we are required to do by the statute. The testimony for the state was delivered by a witness who seems to have been either deficient in intelligence, or else disposed not to testify. From his testimony it appears that he testified on the day before, under a similar indictment, to a similar offense; and while his obscure testimony tends to show sales of whiskey were made to him in less quantities than a gallon, at the place named in the indictment, within a year prior to the finding of the indictment, yet there is nothing in his testimony to lay the date or fix the circumstances or incidents of any particular sale, so as to make it clear that he was not convicted under this indictment for the *same offense*, for which he was tried under another indictment the day before.

Under this state of facts, we have had some doubt whether the case was not within the principle of the case of *State v. Wilson*, page 184, *ante;* but on further reflection we are of opinion that it is not within the principle of that case, because it does not appear, from the evidence in this case, what was the result of the trial of the defendant Wilson which took place on the previous day. For aught that appears, the judgment may have been arrested. Two things are necessary to constitute jeopardy in a legal sense: (1) A trial commenced, (2) on a valid indictment. As it does not appear that the trial of the previous day was on a valid

indictment, we cannot presume that it was, for the purpose of overturning the verdict and judgment in the case before us.

Seeing no other error in the record, the judgment will be affirmed. It is so ordered. All the judges concur.